FILED
CLERK
6/30/2015 1:29 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN SMITH,

                      Plaintiff,

      -against-

OFFICER SAEED, Shield # 2544, NASSAU
COUNTY CORRECTIONAL CENTER,
EDWARD MANGANO, JAMES SCOTT,

                      Defendants.
------------------------------------------------------------X

ORDER
15-CV-2441(SJF)(ARL)

FEUERSTEIN, District Judge:

       On April 23, 2015, incarcerated *pro se* plaintiff Jonathan Smith ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis*. By letter dated May 6, 2015, the Court's Pro Se Office advised plaintiff: (1) that his "original signature is needed" on the Prisoner Authorization enclosed therewith; (2) that he must return the signed Prisoner Authorization within fourteen (14) days from the date of the letter; and (3) that if he "[did] not comply, [his] case will not proceed." (Docket Entry ["DE"] 6). That mailing was returned to the Court as undeliverable on May 12, 2015, with the notation that plaintiff had been discharged from the Nassau County Correctional Center, which is his address of record. (DE 8). Subsequent mail sent by the Court to plaintiff at his address of record was likewise returned to the Court as undeliverable. (See DE 9). To date, plaintiff has not returned a signed Prisoner Authorization form, advised the Court of any change of address, or taken any steps to prosecute this action or otherwise communicate with the Court.

1

I.      DISCUSSION

Civil proceedings brought *in forma pauperis* are governed by 28 U.S.C. § 1915 ("the IFP statute"). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The IFP statute requires a prisoner[1] applying for leave to proceed *in forma pauperis* in a civil action in federal court to submit the following documents upon such application: (1) "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor[,] [which] * * * shall state the nature of the action * * * and affiant's belief that the person is entitled to redress[]" ("the statement of assets"), id. § 1915(a)(1); and (2) "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint * * *, obtained from the appropriate official of each prison at which the prisoner is or was confined[,]" id. § 1915(a)(2).

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-135, 110 Stat. 1321, effective April 26, 1996, amends the IFP statute and requires prisoners bringing a civil action in federal court "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). To that end, the PLRA provides, in relevant part: (1) that "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of– (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint * * *[,]" id. § 1915(b)(1); (2) that "[a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the

---

[1] The IFP statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pre-trial release, or diversionary program." 28 U.S.C. § 1915(h).

preceding month's income credited to the prisoner's account[,]" id. § 1915(b)(2); and (3) that "[t]he agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Id. Thus, in order to be granted leave to proceed *in forma pauperis* a prisoner must submit to the Court, in addition to the documents required by Section 1915(a), a signed Prisoner Authorization form authorizing the institution with custody of the prisoner to assess, collect and forward payments from the prisoner's prison account to the Clerk of the Court until the three hundred fifty dollar ($350.00) filing fee, see 28 U.S.C. § 1914(a), is paid in full pursuant to Section 1915(b).

Of the three documents (3) required to be submitted before a prisoner may be granted leave to proceed *in forma pauperis*, plaintiff has submitted only one (1), i.e., the statement of assets. Although the Prisoner Authorization form provided to plaintiff authorizes the institution with custody of him both to provide the certified copy of his prison account statement required by Section 1915(a)(2) and to deduct and disburse the amounts specified by Section 1915(b), plaintiff has not returned the completed and signed form to date. Accordingly, plaintiff's application for leave to proceed *in forma pauperis* is denied.

Moreover, "[t]he duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" Alomar v. Recard, No. 07-CV-5654, 2010 WL 451047, at * 2 (S.D.N.Y. Feb. 9, 2010) (quoting Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at * 5 (S.D.N.Y. Nov. 20, 1996)); see also English v. Azcazubi, No. 13-cv-5074, 2015 WL 1298654, at * 2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address."); Thornton v. Moroney, No. 13 Civ. 8912, 2014 WL 2805236, at * 2 (S.D.N.Y. June 20, 2014) (holding that

3

*pro se* plaintiffs have a "duty to diligently pursue [their] case and to inform th[e] Court[] * * * of any change of address.") This action cannot proceed at all unless the Court and defense counsel are able to contact plaintiff to, *inter alia*, arrange conferences; obtain discovery; serve motions and orders; and schedule trial. See, e.g. Pagan v. Westchester County, No. 12 Civ. 7669, 2014 WL 4953583, at * 5 (S.D.N.Y. Oct. 1, 2014) ("Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation."); Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 5924378, at * 2 (S.D.N.Y. Nov. 29, 2011), report and recommendation adopted by 2011 WL 6399622 (S.D.N.Y. Dec. 20, 2011) (holding that the case "cannot proceed without [the plaintiff's] participation, and he has provided no method by which the Court can inform him of his obligations in th[e] case or its outcome."); United States ex rel. Roundtree v. Health and Hospitals Police Dept. of New York, No. 06 Civ. 212, 2007 WL 1428428, at * 1, 2 (S.D.N.Y. May 14, 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them.") If a *pro se* litigant fails to keep the Court apprised of his current mailing address, "the Court may dismiss the action under Rule 41(b) [of the Federal Rules of Civil Procedure], for failure to prosecute." Mercedes v. New York D.O.C., No. 12 Civ. 2293, 2013 WL 6153208, at * 2 (S.D.N.Y. Nov. 21, 2013); see also Bernard v. Romen, No. 11 cv 6346, 2012 WL 6594622, at * 2 (E.D.N.Y. Oct. 15, 2012), report and recommendation adopted by 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012) ("When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims."); Austin, 2011 WL 5924378, at * 2 ("[D]ismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached.")

Accordingly, **on or before July 31, 2015**, plaintiff must: (1) either (a) pay a filing fee in the amount of four hundred dollars ($400.00)² to the Clerk of the Court, or (b) file a new application for leave to proceed *in forma pauperis*, including both a statement of assets and a signed Prisoner Authorization form; and (2) file an affidavit providing the Court with a new address and telephone number at which he can be contacted during the course of this litigation.

**PLAINTIFF IS ADVISED THAT HIS FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THIS ACTION BEING DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                      /s/
                                         Sandra J. Feuerstein, U.S.D.J.

Dated:      June 30, 2015
             Central Islip, New York

---

² An administrative fee of fifty dollars ($50.00) is applied to all civil actions except, *inter alia*, for actions in which the plaintiff has been granted leave to proceed *in forma pauperis* in this Court.